### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **PETER WLOTKOWSKI, MARYANN SLIGAY, ANDREA FREY, CHERYL SIMPSON, MARGARET BURDEN, WAYNE WROBEL, DENNIS LEWIS, SHELLIE DOMALSKI, DAPHNE WINFREY, SEAN MUHLENKAMP, and ANTHONY HOOVER,** individually and on behalf of others similarly situated, | Civil Action No.: 2:09-cv-11898 Hon. Nancy G. Edmonds Mag. Virginia M. Morgan |
| Plaintiffs, | **PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE** |
| v. | |
| **MICHIGAN BELL TELEPHONE COMPANY,** | |
| Defendant. | |

TO:    THE ABOVE NAMED DEFENDANTS AND THEIR ATTORNEYS OF RECORD.

Plaintiffs, by and through their undersigned counsel, move for the conditional

certification of the following collective class:

> All persons who are or have been employed by Michigan Bell Telephone Company with the job title Manager, Outside Plant Planning and Engineering Design in the state of Michigan within three years of the date that the Court issues an order granting conditional certification to May 16, 2009.

This motion is made pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act and

is based upon: the accompanying Brief, Index of Exhibits, Exhibits A – G, and the Declaration of

Timothy C. Selander.  Through this motion, Plaintiffs respectfully request that the Court: (1)

conditionally certify this action for purposes of notice and discovery; (2) order that judicial

notice be sent to all putative collective class members; (3) approve the form and content of

Plaintiffs' proposed judicial notice (Ex. A) and reminder notice (Ex. E); (4) order Defendant to produce to Plaintiffs' Counsel the contact information for each putative collective class member; and (5) authorize a ninety day notice period for putative plaintiffs to join the case.

## LOCAL RULE 7.1(a)(2)(A) CERTIFICATION

On July 8, 2009, Plaintiffs' Counsel Paul J. Lukas, E. Michelle Drake, and Timothy C. Selander participated in a conference call with Defendant's Counsel John F. Wymer III, and Katie Manley.  During this call, Plaintiffs' Counsel explained the nature of this motion and its legal basis.  Plaintiffs' Counsel also requested, but did not obtain concurrence from Defendant's Counsel in the relief sought.

Respectfully submitted,

Date:  February 1, 2010

**NICHOLS KASTER, PLLP**

/s/Timothy C. Selander_____
Paul J. Lukas, MN Bar No. 22084X
Matthew H. Morgan, MN Bar No. 304657*
Timothy C. Selander, MN Bar No. 0387016
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Email: selander@nka.com
*Application for admission forthcoming*

**GASIOREK, MORGAN & GRECO, P.C.**
Donald J. Gasiorek, MI Bar No. P24987
30500 Northwestern Highway, Suite 425
Farmington Hills, MI  48334
Telephone: (248) 865-0001
Fax: (248) 865-0002

ATTORNEYS  FOR  PLAINTIFFS  AND  THE
PUTATIVE COLLECTIVE CLASS

2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| **PETER WLOTKOWSKI, MARYANN SLIGAY, ANDREA FREY, CHERYL SIMPSON, MARGARET BURDEN, WAYNE WROBEL, DENNIS LEWIS, SHELLIE DOMALSKI, DAPHNE WINFREY, SEAN MUHLENKAMP, and ANTHONY HOOVER,** individually and on behalf of others similarly situated, | Civil Action No.: 2:09-cv-11898 Hon. Nancy G. Edmunds Mag. Virginia M. Morgan |

       Plaintiffs,

v.

**MICHIGAN BELL TELEPHONE COMPANY,**

       Defendant.

---

| | |
|---|---|
| **NICHOLS KASTER, PLLP**<br>Paul J. Lukas, MN Bar No. 22084X<br>Matthew H. Morgan, MN Bar No. 304657*<br>Timothy C. Selander, MN Bar No. 0387016<br>4600 IDS Center, 80 South 8th Street<br>Minneapolis, MN  55402<br>Telephone: (612) 256-3200<br>Fax: (612) 215-6870<br>*application for admission forthcoming* | **GASIOREK, MORGAN & GRECO, P.C.**<br>Donald J. Gasiorek, MI Bar No. P24987<br>30500 Northwestern Highway, Suite 425<br>Farmington Hills, MI  48334<br>Telephone: (248) 865-0001<br>Fax: (248) 865-0002 |

### Attorneys for Plaintiffs and the Putative Collective Class

---

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE

## <u>ISSUES PRESENTED</u>

1.  Have Plaintiffs submitted sufficient evidence that a class of similarly situated plaintiffs exists to meet the fairly lenient "first stage" standard for conditional certification?

    Plaintiffs' Answer: Yes.

2.  Should the Court order that judicial notice be sent to putative collective class members?

    Plaintiffs' Answer: Yes.

3.  Should the Court approve the form of Plaintiffs' proposed judicial notice?

    Plaintiffs' Answer: Yes.

4.  Should the Court order Defendant to produce to Plaintiffs' Counsel the name, last known address, telephone number, dates of employment, location of employment, date of birth, and employee identification number of each putative collective class member in Microsoft Excel format within seven days of the Court's Order granting this motion?

    Plaintiffs' Answer: Yes.

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................... 1

SUMMARY OF FACTS AND PROCEDURAL HISTORY .................................... 2

    A.  Procedural History ........................................................................................ 2

    B.  The Parties .................................................................................................... 3

    C.  Defendant Regards Its Outside Plant Engineers As Similarly Situated. ........... 4

    D.  Plaintiffs and the Putative Collective Class Share Similar Job Duties and
        Responsibilities. ............................................................................................ 5

    E.  Defendant's Outside Plant Engineers Worked More Than Forty Hours Per Week
        Prior to the May 16, 2009 Reclassification. ................................................. 6

ARGUMENT ........................................................................................................... 6

    I.  THE COURT SHOULD CONDITIONALLY CERTIFY THIS CASE AND ALLOW
        PLAINTIFFS TO SEND JUDICIAL NOTICE TO ALL SIMILARLY SITUATED
        OUTSIDE PLANT ENGINEERS. ..................................................................... 6

        A.  General Principles of § 216(b) Conditional Certification. ............................ 6

        B.  Plaintiffs Have Satisfied Their Lenient First Stage Burden. ....................... 8

        C.  Issuance of Judicial Notice is Appropriate in this Case. .............................. 10

            1.  The Statute of Limitations is Running. ............................................... 11

            2.  Court Facilitated Notice Promotes Judicial Economy. ....................... 12

            3.  Plaintiffs' Proposed Judicial Notice is Accurate and Informative. ... 12

    II.  THE COURT SHOULD ORDER DEFENDANT TO PRODUCE A LIST OF THE
        PUTATIVE COLLECTIVE CLASS TO PLAINTIFFS. ..................................... 13

CONCLUSION ........................................................................................................ 13

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                    **PAGE**

Adams v. MedPlans Partners, Inc., 2007 WL 4291303 (W.D. Ky. Dec. 5, 2007) .............. 12

Ahle v. Veracity Research Co., 2009 WL 3103852 (D. Minn. Sept. 23, 2009) ............... 10

Austin v. CUNA Mut. Ins. Soc'y, 232 F.R.D. 601 (W.D. Wis. 2006) ...................... 10

Brasfield v. Source Broadband Servs., LLC, 257 F.R.D. 641 (W.D. Tenn. 2009) ............ 7, 8

Comer v. Wal-Mart Stores, Inc., 454 F.3d 544 (6th Cir. 2006) ..................... 6, 7, 8

Fisher v. Michigan Bell Tel. Co., 2009 WL 3427048 (E.D. Mich. Oct. 22, 2009) ........... *passim*

Garcia v. Freedom Mortgage Corp., 2009 WL 3754070 (D.N.J. Nov. 2, 2009) .............. 10

Gilbert v. Citigroup, Inc., 2009 WL 424320 (N.D. Cal. Feb. 18, 2009) ................. 9

Henry v. Quicken Loans, Inc., 2006 WL 2811291 (E.D. Mich. Sept. 28, 2006) .............. 9

Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989) ...................... *passim*

Jirak v. Abbot Lab., Inc., 566 F. Supp. 2d 845 (N.D. Ill. 2008) ..................... 10

Kress v. PricewaterhouseCoopers, LLP, 2009 WL 4269465 (E.D. Cal. Nov. 25, 2009) ..... 10

Mathews v. ALC Partner, Inc., 2009 WL 2591497 (E.D. Mich. Aug. 24, 2009) ............. 8

Musarra  v. Digital Dish, Inc., 2008 WL 818692 (S.D. Ohio March 24, 2008) .............. 12

Neary v. Metropolitan Property and Cas. Ins. Co., 517 F. Supp. 2d 606 (D. Conn. 2007) ... 10

O'Brien v. Ed Donnelly Enter., Inc., 575 F.3d 567 (6th Cir. 2009) ................. 1, 7, 9

Oliver v. Aegis Communications Group, Inc., 3:08-CV-828-K (N.D. Tex., Oct. 31, 2008) 12

Olivo v. GMAC Mortgage Corp., 374 F. Supp. 2d 545 (E.D. Mich. 2004) ............. 7

Pontius v. Delta Fin. Corp., 2005 WL 6103189 (W.D. Pa. July 22, 2005) ............. 10

Ruggles v. WellPoint, Inc., 591 F. Supp. 2d 150 (N.D.N.Y. 2008) .................... 10

Sniffen v. Spectrum Indus. Svcs., 2007 WL 1341772 (S.D. Ohio Feb. 13, 2007) ...............12

Stanfield v. First NLC Fin. Serv., 2006 WL 3190527 (N.D. Cal. Nov. 1, 2006) ..................10

Wong v. HSBC Mortg. Corp. (USA), 2008 WL 753889 (N.D. Cal. March 19, 2008) ........10

**STATUTES**                                                                                              **PAGE**

29 U.S.C. § 216(b) ..................................................................................................................6

## **INTRODUCTION**

Plaintiffs filed this lawsuit more than eight months ago to recover unpaid overtime wages owed to them by their current, and in some cases former, employer, Defendant Michigan Bell Telephone Company ("Defendant").   The filing was spurred by Defendant's collective reclassification of all of its Outside Plant Engineers on May 16, 2009 from exempt employees to non-exempt, hourly, and overtime-eligible employees.   The eleven named Plaintiffs are now joined by sixty opt-in Plaintiffs (collectively, "Plaintiffs") who have joined this case by filing their written consent to join with the Court as required by statute.   All allege that Defendant misclassified them as exempt employees prior to May 16, 2009.

Conditional certification of Defendant's Outside Plant Engineers in this case is consistent with both the Sixth Circuit Court of Appeals' ruling in O'Brien v. Ed Donnelly Enter., Inc., 575 F.3d 567, 583 (6th Cir. 2009) and this Court's recent ruling in Fisher v. Michigan Bell Telephone Co., 2009 WL 3427048 (E.D. Mich. Oct. 22, 2009).   As explained in both, the plaintiffs' burden at this stage of the litigation is lenient.   Here, Plaintiffs easily satisfy that burden because they and their colleagues in the Outside Plant Engineer position perform similar job functions and duties and, importantly, Defendant repeatedly and consistently treated them as though they were similarly situated.   To wit, Defendant collectively applied one job title to its Outside Plant Engineers (Manager, Outside Plant Planning and Engineering Design), collectively classified them as exempt, and then collectively reclassified them as non-exempt employees.

Plaintiffs respectfully request that the Court grant this motion and: (1) conditionally certify this action for purposes of notice and discovery; (2) order that judicial notice be sent to all putative collective class members; (3) approve the form and content of Plaintiffs' proposed

judicial notice (Ex. A) and reminder notice (Ex. E); (4) order Defendant to produce to Plaintiffs' Counsel the contact information for each putative collective class member; and (5) authorize a ninety day notice period for putative plaintiffs to join the case.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

### A.  Procedural History

Plaintiffs filed this collective action for unpaid overtime wages on behalf of themselves and those similarly situated against Defendant on May 18, 2009.  (Compl., Dkt. 1.)[1]  In their Complaint, Plaintiffs state that they are all current or former employees of Defendant that held or hold the job title "Manager, Outside Plant Planning and Engineering Design" – otherwise known as an Outside Plant Engineer.  (Id.)  Plaintiffs also state that Defendant classified all of its Outside Plant Engineers as exempt employees through May 16, 2009, but thereafter reclassified them as non-exempt.  (Id.)  Plaintiffs allege that they were misclassified as exempt employees for the period prior to May 16, 2009 and seek to recover damages permitted by the Fair Labor Standards Act ("FLSA"), including unpaid overtime wages, liquidated damages, and attorneys' fees and costs.  (Id.)  Defendant filed its Answer on June 15, 2009, admitting that it employed Plaintiffs as Outside Plant Engineers and that Defendant classified them as exempt prior to May 16, 2009.  (Answer, Dkt. 21.)

The parties held a Rule 26(f) Conference on July 8, 2009.  (See Rule 26(f) Report, Dkt. 41.)  That same day, Plaintiffs served Defendant with written discovery requests and a notice of deposition pursuant to Rule 30(b)(6).  (Declaration of Timothy C. Selander ("Selander Decl.") at

---

[1] In addition to their claims under the FLSA, Plaintiffs also brought claims under the state laws of Michigan and sought Rule 23 class certification of the same in their initial Complaint.  These claims were withdrawn in Plaintiffs' Amended Complaint.  (See Amended Compl., Dkt. 9.)

¶ 3.)  Defendant served each named Plaintiff with written discovery requests on July 16, 2009

and deposition notices for Plaintiffs Domalski, Lewis, and Simpson on August 20, 2009.  (Id. at

¶ 4.)  The Court held a scheduling conference on September 15, 2009 and ordered the parties to

complete pre-conditional certification discovery by January 15, 2010 and for Plaintiffs to file this

motion by February 1, 2010.  (Dkt. 47.)  The Court also tolled the statute of limitations for all

putative collective class members from September 15, 2009 to January 15, 2010.  (Dkt. 51.)

The parties have exchanged answers to their respective written discovery requests and

have taken limited depositions.  Defendant deposed Plaintiffs Domalski, Lewis, and Simpson on

January 5 and 6, 2010.  (Selander Decl. at ¶ 5.)  On January 15, 2010, Plaintiffs deposed two

witnesses designated by Defendant to testify to topics two, three, five, and seven of Plaintiffs'

Rule 30(b)(6) deposition notice.[2]  (Id. at ¶ 6.)  Plaintiffs continue to seek deposition testimony

related to the remaining topics.

### B.  The Parties

The eleven named Plaintiffs have all worked for Defendant as Outside Plant Engineers

within the last three years.  (Compl., Dkt. 1; Ex. B.)[3]  All of the named Plaintiffs are currently

employed by Defendant as Outside Plant Engineers except for Plaintiff Maryann Sligay, who

retired in February 2008.  (See Ex. B.)  They work (or worked) in Defendant's offices in Livonia

and Mount Clemens.  (Id.)  On average, they have worked for Defendant or its predecessor

---

[2] Defendant takes the position that Plaintiffs' job title, "Manager, Outside Plant Planning and
Engineering Design" encompasses at least four different types of employees with distinct job
duties.  Accordingly, Defendant has indicated that it will designate four separate witnesses to
testify to topics two, three, five, and seven, all of which relate to the job duties of Defendant's
Outside Plant Engineers.  Thus far, Defendant has produced two of the four witnesses.

[3] Exhibit B consists of the thirty-five declarations of the named and opt-in Plaintiffs, organized
alphabetically by last name.

companies for more than 26 years.  (Selander Decl. ¶ 7.)  Another sixty Outside Plant Engineers have joined this case by filing their written consent with the Court.  (Id. at ¶ 8.)  These current and former employees have worked for Defendant or its predecessor companies for an average of 25 years.  (Id. at ¶ 9.)  They work or worked in Defendant's offices in Grand Rapids, Pontiac, Kalamazoo, Jackson, Flint, Saginaw, Ann Arbor, Howell, East Lansing, Traverse City, Livonia, and Mount Clemens.  (Id. at ¶ 10.)

Defendant is a domestic corporation with its principal place of business in Detroit, Michigan.  (See Compl., Dkt. 1; Answer, Dkt. 21.)  Defendant was incorporated in the State of Michigan in 1904 and is a wholly owned subsidiary of AT&T Teleholdings, Inc.  (Ex. C.) AT&T Teleholdings, Inc. is in turn owned by AT&T, Inc.  (Dkt. 22.)  Defendant employs Outside Plant Engineers in at least twelve locations across Michigan.  (See Ex. B; Ex. C.)

**C. <u>Defendant Regards Its Outside Plant Engineers as Similarly Situated.</u>**

When convenient, Defendant groups all of its Outside Plant Engineers together and treats them in the exact same manner.  Defendant assigned one job title to all of its Outside Plant Engineers (Manager, Outside Plant Planning and Engineering Design), collectively classified them as exempt, and then collectively reclassified them as non-exempt employees on May 16, 2009, making them eligible for overtime payments.  (Ex. D.)  Prior to the reclassification they were all paid a salary; since the reclassification they are all paid hourly.  (See Answer, Dkt. 21.) Finally, Defendant asserts that one exemption, the administrative exemption, applies all of these employees.  (Ex. C.)

**D.  Plaintiffs and the Putative Collective Class Share Similar Job Duties and Responsibilities.**

Despite being called Outside Plant Engineers, Plaintiffs and their colleagues at Michigan Bell are not "engineers" as that word is commonly understood.  They are not required to have a degree in engineering or any other specialized education or training.  (See Ex. B – Declarations of Plaintiffs Burden, Dohm-Beiser, and Hurl.)  Nor are they licensed by the State of Michigan as professional engineers.  (Rule 30(b)(6) Deposition of Sharon L. Dolega ("Dolega Dep.") 85:15-17.)[4]  New hires are given two weeks of training and otherwise learn "on the job."  (Dolega Dep. 37:19-38:16; Rule 30(b)(6) Deposition of Ronald J. Cicilian ("Cicilian Dep.") 72:10-19.)  Not surprisingly, the job of an engineer is not difficult to learn, even if one has no background in engineering.  (Dolega Dep. 115:8-10.)  Outside Plant Engineers fill in for each other when they are on leave or on vacation.  (Deposition of Plaintiff Shellie A. Domalski ("Domalski Dep.") 21:19-22:1, 30:8-12.)

As evidenced by the three Plaintiff depositions, the two 30(b)(6) depositions, and the thirty-five declarations from the named and opt-in Plaintiffs, the primary job duty of Defendant's Outside Plant Engineers are generally the same – their job is to provide field workers with the information necessary to place or fix data cables and equipment in appropriate locations so that Defendant's customers have adequate telephone or cable service.  (Dolega Dep. 38:25-40:14, 41:15-43:13, 59:25-60:10, 62:14-22; Cicilian Dep. 15:2-14, 23:17-24:3; Domalski Dep. 24:17-25:3, 28:14-29:7; Lewis Dep. 44:1-45:14; Simpson Dep. 31:19-32:8, 52:22-53:8, 144:17-145:21; Ex. B.)  Most Outside Plant Engineers perform field visits to observe the location of existing equipment, future construction, and to meet with customers and colleagues to discuss the same.

---

[4] All deposition testimony is attached as Exhibit G.

(Dolega Dep. 57:3-58:16; Cicilian Dep. 23:17-24:3; Lewis Dep. 26:7-27:8; Simpson Dep. 34:13-21; Ex. B.)  The work that Outside Plant Engineers perform is strictly governed by standards and technical specifications over which they have no control and which they are required to apply to a given situation.  (Cicilian Dep. 18:2-21:19; Lewis Dep. 120:1-8; Ex. B.)  These job duties have not changed since the May 16, 2009 reclassification.  (Dolega Dep. 27:2-8; Cicilian Dep. 14:25-15:2; Ex.  B.)

      **E.**  **Defendant's Outside Plant Engineers Worked More Than Forty Hours Per Week Prior to the May 16, 2009 Reclassification.**

Defendant admits that "during the three year period preceding May 16, 2009, there were workweeks in which the named Plaintiffs worked more than forty (40) hours."  (Ex. D.)  Defendant's admission is confirmed by the declarations of the thirty-five named and opt-in Plaintiffs submitted in support of this motion.  (Ex. B.)  Defendant did not pay overtime wages to any of its Outside Plant Engineers prior to May 16, 2009.  (Id.)

**ARGUMENT**

**I.**  **THE COURT SHOULD CONDITIONALLY CERTIFY THIS CASE AND ALLOW PLAINTIFFS TO SEND JUDICIAL NOTICE TO ALL SIMILARLY SITUATED OUTSIDE PLANT ENGINEERS.**

      **A.**  **General Principles of § 216(b) Conditional Certification**

Plaintiffs seek conditional certification and judicial notice pursuant to 29 U.S.C. § 216(b) of the FLSA.  The statute states:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  Accordingly, there are two requirements for a representative action under Section 216(b): the plaintiffs must be "similarly situated" and they must "consent in writing" to join the case.  Id.; Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 167-68 (1989); Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006).  Employees that join an action under Section 216(b) become "party plaintiffs, unlike absent class members in a Rule 23 class action." O'Brien v. Ed Donnelly Enter., Inc., 575 F.3d 567, 583 (6th Cir. 2009).

On a motion for conditional certification and judicial notice, the court must first determine whether the proposed collective class members are "similarly situated." Comer, 454 F.3d at 546.  The plaintiffs bear the burden of showing that they are similarly situated to the putative collective class members.  O'Brien, 575 F.3d at 584.  The burden is satisfied by a showing that "plaintiffs' claims [are] unified by common theories of defendants' statutory violations, even if proofs of those theories are inevitably individualized and distinct." Fisher v. Michigan Bell Telephone Co., 2009 WL 3427048, at *5 (E.D. Mich. Oct. 22, 2009) (citing O'Brien, 575 F.3d at 585) (internal quotations omitted).  The Sixth Circuit and this court have held that the standard is not as stringent as that required for class certification under Rule 23 of the Federal Rules of Civil Procedure.  Id.  As the Sixth Circuit held in Comer, "[t]he plaintiff must show only that his position is similar, not identical, to the positions held by the putative class members." Comer, 454 F.3d at 546-47.  And modest evidence that the plaintiffs and the putative collective class members were "victims of a common policy or plan that violated the law" is sufficient to meet the burden.  Fisher, 2009 WL 3427048, at *5 (quoting Olivo v. GMAC Mortgage Corp., 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004); see also Brasfield v. Source Broadband Servs., LLC, 257 F.R.D. 641, 642 (W.D. Tenn. 2009).

7

Certification of a Section 216(b) action occurs in two stages.  Id.  At the first stage, early on in the litigation, the court considers whether the case should be conditionally certified and whether judicial notice should be sent to the putative collective class members.   Comer, 454 F.3d at 546.  As this Court held in Fisher, the burden at the first stage is "fairly lenient, requiring only that Plaintiffs submit evidence establishing at least a colorable basis for their claim that a class of similarly situated plaintiffs exists." Fisher, 2009 WL 3427048, at *5 (quoting Olivo, 374 F. Supp. 2d at 548) (internal quotations omitted).  Additionally, at the first stage "the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."  Fisher, 2009 WL 3427048, at *5 (quoting Brasfield, 257 F.R.D. at 642).

### B.  **Plaintiffs Have Satisfied Their Lenient First Stage Burden.**

Plaintiffs seek conditional certification of the following collective class:

> all persons who are or have been employed by Michigan Bell Telephone Company as Outside Plant Engineers (or otherwise held the job title "Manager, Outside Plant Planning and Engineering Design") from [three years back from the date the Court orders conditional certification] to May 16, 2009.

The evidence submitted by Plaintiffs in support of this motion easily satisfies the "modest factual showing" at the lenient first stage of the two-stage certification process.  Fisher, 2009 WL 3427048, at *5.  Although Plaintiffs' job duties may not have been identical to that of the putative collective class, the thirty-five declarations from the named and opt-in Plaintiffs confirm that they are similarly situated because they all: (1) held the same job title of Outside Plant Engineer; (2) worked for Defendant in the State of Michigan within the last three years; (3) were classified as exempt employees until May 16, 2009; (4) worked more than forty hours per week

without overtime compensation; and (5) performed similar job duties governed by standards over which they had no control.[5]  See Ex. B; Comer, 454 F.3d at 546.

Plaintiffs' motion is further bolstered by Defendant's own admissions which show that Plaintiffs' claims are unified by one common theory of Defendant's violation of the law. O'Brien, 575 F. 3d at 584.  Defendant admits that the named Plaintiffs, opt-in Plaintiffs and entire putative collective class were uniformly classified as exempt based on the administrative exemption.  (Ex. C.)  Defendant admits that it applied one job title (or to use Defendant's phrase, "job key") of Manager, Outside Plant Planning and Engineering Design to the named Plaintiffs, opt-in Plaintiffs and entire putative collective class.  (See Answer, Dkt. 21; Ex. D.)   And Defendant admits that it reclassified all of its employees holding that position from exempt to non-exempt on May 16, 2009.  (Id.)  These admissions clearly show that Plaintiffs "and the potential plaintiffs together were victims of a common policy or plan that violated the law." Olivo, 374 F. Supp. 2d at 548.  This is reason enough to grant Plaintiffs' motion.  In Gilbert v. Citigroup, Inc., 2009 WL 424320, at *3 (N.D. Cal. Feb. 18, 2009), the court held that the defendant's admitted reclassification of a group of employees from exempt to non-exempt satisfied the plaintiff's "light burden of substantially alleging that the [reclassified group of employees] were together the victims of a single decision, policy, or plan."  The Gilbert Court dismissed the defendant's argument that "determining exempt status . . . necessarily involves individualized inquiries, which requires the Court to deny conditional certification" and its

---

[5] Even if the Court were to agree with Defendant's anticipated contention that the Outside Plant Engineer position encompasses four separate positions, the Court could in its discretion conditionally certify subclasses along those exact lines.  See Mathews v. ALC Partner, Inc., 2009 WL 2591497, at *6 (E.D. Mich. Aug. 24, 2009) (granting motion for conditional certification and judicial notice and certifying three sub-classes of exempt and non-exempt employees with varying job titles and duties).

declaration evidence of varying job duties amongst the reclassified employees, holding that the defendant could present that evidence at the second stage in its motion for decertification.  Id.

Numerous courts, including this one, have conditionally certified cases where the defendant relied on the administrative exemption as a defense to liability.  See, e.g., Henry v. Quicken Loans, Inc., 2006 WL 2811291 (E.D. Mich. Sept. 28, 2006); Austin v. CUNA Mut. Ins. Soc'y, 232 F.R.D. 601 (W.D. Wis. 2006); Kress v. PricewaterhouseCoopers, LLP, 2009 WL 4269465 (E.D. Cal. Nov. 25, 2009); Garcia v. Freedom Mortgage Corp., 2009 WL 3754070 (D.N.J. Nov. 2, 2009); Ahle v. Veracity Research Co., 2009 WL 3103852 (D. Minn. Sept. 23, 2009); Jirak v. Abbot Lab., Inc., 566 F. Supp. 2d 845 (N.D. Ill. 2008); Ruggles v. WellPoint, Inc., 591 F. Supp. 2d 150 (N.D.N.Y. 2008); Wong v. HSBC Mortg. Corp. (USA), 2008 WL 753889 (N.D. Cal. March 19, 2008); Neary v. Metropolitan Property and Cas. Ins. Co., 517 F. Supp. 2d 606 (D. Conn. 2007); Stanfield v. First NLC Fin. Serv., 2006 WL 3190527 (N.D. Cal. Nov. 1, 2006); Pontius v. Delta Fin. Corp., 2005 WL 6103189 (W.D. Pa. July 22, 2005).[6]

**C.  Issuance of Judicial Notice is Appropriate in this Case.**

In Hoffmann-La Roche, the Supreme Court held that the judicial system benefits from collective actions when "employees receiv[e] accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffmann-La Roche, 493 U.S. at 170.  The Court further encouraged district courts to become involved in the notice process early, to ensure "timely, accurate, and informative" notice and to help maintain control of the litigation.  Id. at 171-72.  The Court went on to hold that court approved notice should be sent in "appropriate cases" but that it was in the district

---

[6] This list is by no means exhaustive.

court's discretion to determine whether a particular case was appropriate.  Id. at 169-70.  Here, the Court should exercise its discretion and authorize Plaintiffs to send court approved notice for a number of reasons.

### 1.   The Statute of Limitations is Running.

Unlike Rule 23 class actions in which the statute of limitations is tolled for all potential class members with the filing of the complaint, the statute of limitations under the FLSA is not tolled with the commencement of the action or even with an order granting conditional certification.  Fisher, 2009 WL 3427048, at *8.  Rather, the statute of limitations continues to run on each individual's claim until they file their written consent to join the action with the court.  Id.; see also 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").  Although the notice process does not stop the statute of limitations, it does, at a minimum, notify the putative collective class member of the case and that the statute of limitations is running on their claims.  Fisher, 2009 WL 3427048, at *8 (citing Hoffmann-La Roche, 493 U.S. at 170).

Prompt court action and judicial notice is particularly important in this case.  In most cases brought under the FLSA, the claims of current employees do not diminish due to the running of the three year statute of limitations because for every day the statute runs, the violation continues.  Thus, as long as they remain employed, their claim does not diminish.  In this case, however, Defendant *reclassified* its Outside Plant Engineers on May 16, 2009.  As a result, the claims of all the putative collective class members, regardless of their status as current or former employees are diminishing by the day.  For example, an Outside Plant Engineer

11

currently employed by Defendant that had a full three year claim on May 16, 2009, now has only

a two year, five month claim.

### 2.   Court Facilitated Notice Promotes Judicial Economy.

Judicial notice promotes judicial economy because it discourages class members from

filing numerous identical suits and instead allows them to pursue their claims in one case where

the same issues of law and fact are already being addressed.  See Hoffmann-La Roche, 493 U.S.

at 170; Fisher, 2009 WL 3427048, at *8.  Collective adjudication of this case will save the time

and resources of the Court and the parties and will avoid disparate rulings that would

undoubtedly arise if each class member filed individual suits.

### 3.   Plaintiffs' Proposed Judicial Notice is Accurate and Informative.

Plaintiffs' proposed judicial notice is attached as Exhibit A.  In Hoffmann-La Roche, the

Supreme Court held that notice must be "timely, accurate, and informative."  493 U.S. at 172.

Plaintiffs' proposed judicial notice meets this standard.  It was carefully drafted to mirror the

notice form that this Court approved in Fisher, provides accurate and informative information,

and should be approved by this Court.  In addition, Plaintiffs ask that the Court order a ninety

(90) day notice period for putative collective class members to join the case.  See Musarra v.

Digital Dish, Inc., 2008 WL 818692, at * 7 (S.D. Ohio March 24, 2008); Adams v. MedPlans

Partners, Inc., 2007 WL 4291303, at *3 (W.D. Ky. Dec. 5, 2007); Sniffen v. Spectrum Indus.

Svcs., 2007 WL 1341772, at *2 (S.D. Ohio Feb. 13, 2007).  Finally, Plaintiffs request that the

Court authorize Plaintiffs to send a reminder notice on or about day sixty-five (65) of the ninety

(90) day notice period to any putative collective class member that has not yet joined the action.

Attached as Exhibit E is a proposed reminder notice.  See Oliver v. Aegis Communications

Group, Inc., 3:08-CV-828-K (N.D. Tex., Oct. 31, 2008) (order granting conditional certification and allowing plaintiffs' counsel to send subsequent reminder notices during the notice period) (Ex. F).

## II.     THE COURT SHOULD ORDER DEFENDANT TO PRODUCE A LIST OF THE PUTATIVE COLLECTIVE CLASS TO PLAINTIFFS.

For Plaintiffs to accurately, efficiently and quickly facilitate the court approved judicial notice, Plaintiffs request that the Court order Defendant to produce to Plaintiffs' counsel within seven days of its Order granting this motion a list, in Microsoft Excel format, of all persons employed by Defendant as Outside Plant Engineers within three years of the Court's Order and up to May 16, 2009, including the last known address, telephone number, dates of employment, location of employment, date of birth, and employee identification number.  See Fisher, 2009 WL 3427048, at *9 (ordering production of names, last known address, telephone number, dates of employment, location of employment, and date of birth).  Production of phone numbers will allow Plaintiffs' counsel to run reverse directory searches for putative collective class members with outdated addresses.  Id.

<b><u>CONCLUSION</u></b>

This case is ripe for conditional certification.  Plaintiffs and the putative collective class members work in one state, for one employer, with one job title.  They were misclassified together and then simultaneously reclassified together.  Defendant relies on one exemption as its defense to all of their claims.  Plaintiffs' evidence and Defendant's admissions show that they worked overtime hours for which they were not paid.  This preliminary evidence more than satisfies the "modest factual showing" necessary for this Court to conditionally certify this action.  Accordingly, Plaintiffs respectfully request that the Court follow the well-established

precedent from the United States Supreme Court, the Sixth Circuit, as well as the decisions of this Court and issue an order: (1) conditionally certifying this case as a collective action; (2) authorizing Plaintiffs to send judicial notice and a reminder to the putative collective class; (3) approving Plaintiffs' proposed notice (Ex. A) and reminder notice (Ex. E); (4) compelling Defendant to produce a list of the putative collective class members; and (5) authorizing a ninety day notice period for putative class members to join the case.

Respectfully submitted,

Date: February 1, 2010          **NICHOLS KASTER, PLLP**

/s/Timothy C. Selander
Paul J. Lukas, MN Bar No. 22084X
Matthew H. Morgan, MN Bar No. 304657*
Timothy C. Selander, MN Bar No. 0387016
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Email: selander@nka.com
*Application for admission forthcoming*

**GASIOREK, MORGAN & GRECO, P.C.**
Donald J. Gasiorek, MI Bar No. P24987
30500 Northwestern Highway, Suite 425
Farmington Hills, MI  48334
Telephone: (248) 865-0001
Fax: (248) 865-0002

ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE COLLECTIVE CLASS

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 1, 2010, I electronically filed the foregoing with the

Clerk of the Court using the ECF system which will send notification of such filing to the

following:

**Albert Calille:** albert.calille@att.com;
**Leslie A. Dent:** lesliedent@paulhastings.com;
**Kenneth W. Gage:** kennethgage@paulhastings.com;
**Donald J. Gasiorek:** dgasiorek@gmgpc.com;
**Paul J. Lukas:** lukas@nka.com;
**Nancy K. Manley:** katiemanley@paulhastings.com;
**John F. Wymer**- johnwymer@paulhastings.com.

<u>s/Timothy C. Selander</u>
Nichols Kaster, PLLP
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 256-3200
Fax: (612) 215-6870
Email: selander@nka.com