**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| PETER WLOTKOWSKI, MARYANN SLIGAY, ANDREA FREY, CHERYL SIMPSON, MARGARET BURDEN, WAYNE WROBEL, DENNIS LEWIS, SHELLIE DOMALSKI, DAPHNE WINFREY, SEAN MUHLENKAMP, and ANTHONY HOOVER, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>MICHIGAN BELL TELEPHONE COMPANY,<br><br>        Defendant. | Case No.  09-cv-11898<br><br><br><br><br><br>Hon. Nancy G. Edmunds<br>Mag. Judge Virginia M. Morgan |

---

**MEMORANDUM IN SUPPORT OF JOINT MOTION
FOR APPROVAL OF FLSA SETTLEMENT**

---

## INTRODUCTION

Through the parties' motion and exhibits attached hereto, the above Named Plaintiffs, individually and on behalf of the Opt-in Plaintiffs (collectively, "Plaintiffs"), and Defendant Michigan Bell Telephone Company ("Defendant"), seek approval of their settlement in this collective action for overtime compensation, brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  The parties respectfully submit that the terms of settlement are fair, reasonable and resolve a *bona fide* dispute between the parties with respect to liability and damages.

## SUMMARY TIMELINE

A summary timeline of the settlement process is below:

| Event | Timing |
|---|---|
| Order Granting Joint Motion to File Stipulation of Settlement Under Seal | (Dkt. 90.) |
| Joint Motion for Approval of FLSA Settlement Filed | Filed on November 16, 2010 |
| Period to Obtain Releases | 30 day period immediately after Order on Joint Motion for Approval of FLSA Settlement is entered |
| Dismissal of Action | Stipulation of Dismissal to be filed by parties immediately after close of 30-day Period to Obtain Releases; Order to be entered |

## DISCUSSION

I.   **HISTORY AND PROCEDURAL STATUS OF THIS CASE**

A.   **The Parties' Claims and Defenses**

On May 18, 2009, the Named Plaintiffs Peter Wlotkowski, Maryann Sligay, Andrea Frey, Cheryl Simpson, Margaret Burden, Wayne Wrobel, Dennis Lewis, Shellie Domalski, Daphne Winfrey, Sean Muhlenkamp, and Anthony Hoover, ("Named Plaintiffs") brought collective claims against Defendant under the FLSA, alleging that Defendant failed to pay them and other similarly situated individuals for all of their hours worked.  (Dkt. 1.)  The Named Plaintiffs specifically alleged that they and other similarly situated individuals in the Outside Plant Engineer position were misclassified as exempt employees until May 16, 2009.

Defendant has at all times denied the allegations asserted by Plaintiffs.  As set forth in Defendant's Answer and Affirmative Defenses, (Dkt. 21), it has been Defendant's position that,

among other things, Plaintiffs were at all times properly classified in accordance with the FLSA, and that Plaintiffs are not similarly situated.

### B.     Conditional Certification and Judicial Notice

On February 1, 2010, Plaintiffs moved for conditional certification and judicial notice, requesting permission to proceed as a collective action pursuant to the FLSA and to provide notice of the lawsuit to all persons who worked for Defendant as Outside Plant Engineers during the three year statutory period until May 16, 2009.  (Dkt. 58.)  On April 16, 2010, the Court granted Plaintiffs' motion, allowing Plaintiffs to proceed with other similarly situated employees and to send notice of the right to opt-in to the lawsuit to all of Defendant's employees who worked in the position titled Outside Plant Engineer between April 16, 2007 and May 16, 2009. (Dkt. 67.)  Including the Named Plaintiffs, there are a total of 101 Plaintiffs[1] involved in this case.

### C.     Discovery

Before and after the date of the Court's Order conditionally certifying the case, the parties conducted substantial discovery.  Defendant produced thousands of pages of relevant documents, compensation records, and electronic time-stamped data for Plaintiffs.  Plaintiffs also produced relevant documents, and the parties engaged in written discovery.  Further, Plaintiffs' Counsel took corporate representative depositions pursuant to Fed. R. Civ. P. 30(b)(6) and deposed Defendant's managers with knowledge of Plaintiffs' claims.  Defendant's counsel took the depositions of three of the Named Plaintiffs.

---

[1] The parties have determined that two of the 101 Plaintiffs did not work as an Outside Plant Engineers and are therefore ineligible for the lawsuit and the settlement. The parties have agreed to dismiss their claims without prejudice.

The parties also expended significant time and resources analyzing Defendant's electronic records, payroll data, and Plaintiffs' personnel files in preparation for the mediation and settlement.

## II.   <u>HISTORY OF SETTLEMENT</u>

The parties have conducted arm's-length negotiations to settle the claims asserted by the Plaintiffs. The parties engaged David Rotman of Gregorio, Haldeman, Piazza, Rotman, Frank & Feder, a mediator experienced with FLSA litigation, and attended a mediation session on October 6, 2010, in San Francisco, California. At the mediation, the parties reached a complete settlement as to all claims by Plaintiffs. The terms of that agreement are contained in the Joint Stipulation of Settlement, filed under seal contemporaneously herewith. (<u>See</u> Exhibit 1).

The parties have engaged a settlement administrator who is prepared to mail to each Plaintiff a Notice of Settlement advising that the lawsuit has been settled, the amount he or she would be paid under the terms of the settlement if he or she timely responds, and the Release of Claims to be executed as a condition of receiving settlement funds. Following distribution of the Notice of Settlement, Plaintiffs will have thirty (30) days in which to accept or reject the settlement. Throughout this period, Plaintiffs' Counsel will work with the settlement administrator to obtain a timely response from each Plaintiff in response to the Notice of Settlement. The Joint Stipulation of Settlement describes the contingencies for Plaintiffs who fail to respond or who reject the settlement offer.

Following the thirty (30) day period in which Plaintiffs may accept or reject the settlement, the parties will file a Stipulation of Dismissal, requesting that, consistent with the parties' Joint Stipulation of Settlement the accepting Plaintiffs' claims be dismissed with prejudice and any non-responding or rejecting Plaintiffs' claims be dismissed without prejudice.

The parties have set these deadlines with the goal of providing settlement payments to participating Plaintiffs in 2010.[2]

## III.   THE PROPOSED SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE PARTIES' CLAIMS AND DEFENSES

Court approval is required to settle a FLSA collective action.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  Under the FLSA, employees may settle their claims if the parties agree on the terms, the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions," and the settlement is entered as stipulated judgment.  Id. at 1353, 1355.

In the Sixth Circuit, there are seven factors the Court uses to determine whether a class action settlement is fair, reasonable, and adequate: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.  Crawford v. Lexington-Fayette Urban County Gov't, 2008 WL 4724499, at * 2 (E.D. Ky. Oct. 23, 2008). The Court may choose which factors are the most relevant based on the settlement at hand and the demands of the case.  Redington v. Goodyear Tire & Rubber Co., 2008 WL 3981461, at * 11 (N.D. Ohio Aug. 22, 2008).  There is a strong presumption in favor of settlement agreements and

---

[2] The parties believe that it is in the best interest of Plaintiffs to receive settlement payments and tax reporting documents this year.  If that does not occur, settlement administration costs will increase and the distributions to Plaintiffs would decrease because: tax reporting documents would have to be mailed separately from settlement checks; many Plaintiffs will likely move before 2011 tax reporting documents are mailed, thus further increasing costs of returned mail and additional mailings; and the settlement administrator will have to keep the settlement account open for an extra year.  For all of these reasons, and because of the time-value of money, the parties respectfully request that, if possible, this settlement be approved this year.

they are a preferred method of dispute resolution.  In Re Telectronics Pacing Systems, Inc., 137

F. Supp. 2d 985, 1008 (S.D. Ohio 2001).

     **A.**      **The Proposed Settlement is Fair and Reasonable.**

The settlement was the product of arm's-length negotiations by experienced counsel.  It

provides relief to Plaintiffs, and eliminates the inherent risks both sides would bear if this

complex litigation were to continue.  The parties participated in mediation with a qualified

mediator, and that mediation process ultimately allowed the parties to obtain the settlement.

Given these circumstances, a presumption of fairness should attach to the proposed settlement.

See Lynn's Food Stores, Inc., 679 F.2d at 1354 (recognizing that courts rely on the adversary

nature of a litigated FLSA case resulting in settlement as an indication of fairness); see also In re

BankAmerica Corp. Securities Litig., 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the

settlement, the Court should keep in mind the unique ability of class and defense counsel to

assess the potential risks and awards of litigation; a presumption of fairness, adequacy and

reasonableness may attach to a class settlement reached in arms-length negotiations between

experienced, capable counsel after meaningful discovery.").

Consideration of several additional relevant factors confirms that the proposed settlement

is fair and reasonable.  First, the complexity, expense, and likely duration of the litigation weighs

heavily in favor of finding that the settlement is fair and reasonable.  Should this matter continue,

the parties would need to complete discovery, Defendant would have brought a motion for

decertification, and the parties would have brought dispositive motions on at least the following

issues: (1) whether Defendant misclassified Plaintiffs as exempt from the overtime requirements

of the FLSA; (2) whether Defendant willfully violated the FLSA; (3) the method of calculating

Plaintiffs' back wages; and (4) whether Plaintiffs were entitled to liquidated damages.  Following

the resolution of those issues, the matter would have potentially proceeded to an expensive, lengthy jury trial, with risks to both sides, as well as likely appeals and post-trial motions. While a number of issues remain unresolved in this litigation, the discovery conducted thus far has enabled counsel for the parties to assess the respective strengths and weaknesses of their case and reach the conclusion that settlement under the terms set forth herein is in the parties' best interest.

Plaintiffs' Counsel has gained a comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an informed assessment of the proposed settlement. Based on their knowledge of the case and the applicable law, as well as records produced by Defendant, Plaintiffs' Counsel believes the settlement is fair, reasonable and adequate. Courts are permitted to give the opinion of plaintiff's counsel substantial deference in approving settlement agreements. See, e.g., Manners v. Am. Gen. Life Ins. Co., 1999 WL 33581944, at * 27 (M.D. Tenn. Aug. 11, 1999). Indeed, the final settlement amount was the product of good-faith, arm's-length negotiations between the parties at mediation, and the settlement amounts for each Plaintiff vary based on employment duration within the statute of limitations, time and payroll records, and level of involvement in the case.

Lastly, Plaintiffs' Counsel's attorneys' fees and costs are reasonable because the issues here are complex, and the parties engaged in contentious litigation for approximately one and a half years before they agreed upon a resolution. Moreover, the Plaintiffs bore a significant risk of no recovery in this case if Defendant were to prevail on the merits. Plaintiffs' Counsel expended a considerable amount of resources in motion practice, discovery, and an analysis of each of the Plaintiffs' individual claims. Finally, Plaintiffs agreed to be represented by Plaintiffs' Counsel on a contingency basis, and the fees and costs for attorneys' fees reflect the

terms of that agreement.  Again, Courts should consider the "overriding public interest in favor of settlement of class action lawsuits."  <u>Whitford v. First Nationwide Bank</u>, 147 F.R.D. 135, 143 (W.D. Ky. 1992).  Accordingly, the Court should approve the proposed settlement because it is fair, reasonable, and resolves a *bona fide* dispute between the parties.

**B.     A *Bona Fide* Dispute Between The Parties Existed Over FLSA Coverage**

Plaintiffs alleged that Defendant violated the FLSA because it misclassified Plaintiffs as exempt employees until May 16, 2009 and thus failed to pay Plaintiffs overtime wages when they worked more than forty (40) hours in a workweek.  Defendant, on the other hand, argued that Plaintiffs were at all times properly classified and denied that Plaintiffs were similarly situated under the FLSA.

If Plaintiffs' ultimately prevailed, Defendant would be faced with the prospect of a significant monetary verdict in favor of the Plaintiffs, as well as the obligation to pay litigation fees and costs.  If Defendant ultimately prevailed, Plaintiffs faced dismissal of their claims and <u>no recovery of any kind</u>.  Counsel for the parties agree that either outcome was possible in this action, particularly given that some issues likely would have required resolution by a jury.  Accordingly, the Court should conclude that a *bona fide* dispute between the parties existed.

<u>**CONCLUSION**</u>

This FLSA collective action settlement is a product of an arm's-length negotiation between counsel and resolves a *bona fide* dispute between the parties.  After engaging in lengthy discovery and a thorough analysis of relevant information, the parties resolved the issues between them in mediation before an experienced mediator.  The settlement is fair, reasonable and adequate, and provides Plaintiffs' monetary relief for their claims.  For these reasons, and those set forth above, the Court should grant the motion for settlement approval.  Additionally,

the parties respectfully request that the Court promptly enter an Order on the parties' Stipulation of Dismissal, which will be filed immediately following the thirty (30) day period in which Plaintiffs may accept or reject the settlement, so that the accepting Plaintiffs' claims may be dismissed with prejudice, any non-responding or rejecting Plaintiffs' claims may be dismissed without prejudice, and this matter may be closed and removed from the Court's docket.

Respectfully submitted, this 16th day of November, 2010.


By: */s/ Timothy C. Selander*
Paul J. Lukas, MN Bar #22084X
lukas@nka.com
Matthew H. Morgan, MN Bar No. 304657
morgan@nka.com
Timothy C. Selander, MN Bar #0387016
selander@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Tel: (612) 256-3200
Fax: (612) 338-4878


Donald J. Gasiorek, MI Bar No. P24987
**GASIOREK, MORGAN & GRECO, P.C.**
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
Tel: (248) 865-0001
Fax: (248) 865-0002

ATTORNEYS FOR PLAINTIFFS


By: */s/ Kenneth W. Gage*
Kenneth W. Gage, IL Bar No. 6291335
kennethgage@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 North Wacker Drive, 30th Floor
Chicago, Illinois 60606
Tel: (312) 499-6000
Fax: (312) 499-6100


Albert Calille (P26819)
Attorney for Michigan Bell Telephone Company
444 Michigan Avenue, Suite 1750
Detroit, MI 48226


COUNSEL FOR DEFENDANT
Michigan Bell Telephone Company

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PETER WLOTKOWSKI, MARYANN SLIGAY, ANDREA FREY, CHERYL SIMPSON, MARGARET BURDEN, WAYNE WROBEL, DENNIS LEWIS, SHELLIE DOMALSKI, DAPHNE WINFREY, SEAN MUHLENKAMP, and ANTHONY HOOVER, individually and on behalf of others similarly situated, | Case No.  09-cv-11898 |
| Plaintiffs, | |
| v. | |
| MICHIGAN BELL TELEPHONE COMPANY, | Hon. Nancy G. Edmunds Mag. Judge Virginia M. Morgan |
| Defendant. | |

CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2010, I electronically filed the foregoing

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA**

**SETTLEMENT** with the Clerk of Court using the CM/ECF system which will automatically

send e-mail notification of such filing to the following attorneys of record:

**Kenneth W. Gage** (kennethgage@paulhastings.com; annfaust@paulhastings.com; staceybentley@paulhastings.com)
**John F. Wymer, III** (johnwymer@paulhastings.com; pamthomashenderson@paulhastings.com; sharonsemmens@paulhastings.com)
**Leslie A. Dent**      (lesliedent@paulhastings.com; betsyusher@paulhastings.com; danielhart@paulhastings.com; erikapatrick@paulhastings.com; sharonsemmens@paulhastings.com; vinetteturner@paulhastings.com)
**Albert Calille** (albert.calille@att.com; aw2846@att.com)

    /s/ Timothy C. Selander
    Counsel for Plaintiffs